UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. GREGORY EATON and
LANSING FARMS, LLC,

       Plaintiffs,

CASE NO. 1:11-cv-178

v.

HON. ROBERT HOLMES BELL

CULLAN F. MEATHE,

       Defendant.
_____/

## **O P I N I O N**

This matter is before the Court on Defendant's motion to set aside default. (Dkt. No. 4.) For the reasons stated herein, the motion will be granted.

### **I. Background**

The complaint in this case was filed in Ingham County Circuit Court, (Dkt. No. 1, Notice of Removal, Ex. B), and Defendant was personally served on February 9, 2011, (Dkt. No. 10, Pls.' Resp., Ex. C). Pursuant to Michigan Court Rule 2.108(A)(2), Defendant would have had 28 days to answer; that is, until March 8, 2011. However, on February 18, 2011, Defendant removed the action to this Court, and the Michigan Court Rules were superceded by our Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 81(c), Defendant was required to answer by the later of 21 days of being served (March 11, 2011) or 7 days after filing the notice of removal (March 1, 2011). Defendant having failed to plead or otherwise defend by March 7, 2011, Plaintiffs applied for entry of default. (Dkt.

No. 3.) Pursuant to Federal Rule of Civil Procedure 55(a), under the circumstances, the Clerk of Court was required to enter Defendant's default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk *must* enter the party's default.") (emphasis added). Due to internal processing time, however, Defendant's default was not entered until March 15, 2011. (Dkt. No. 9.)

In the meantime, Plaintiffs' application for entry of default was electronically mailed to Defendant's counsel as an automatic function of the Court's CM/ECF electronic filing system, and Defendant was thereby apprised that he had failed to meet the Rule 81(c) deadline for pleading. On the same day, Defendant filed both his answer, (Dkt. No. 5), and the motion presently before the Court.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The decision to set aside a default is a matter committed to the district court's discretion. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2004). "[T]he district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *United States v. Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "The criteria used to determine whether 'good cause' has been shown for purposes of granting a

motion under Rule 55(c) are whether '(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib., Inc.*, 340 F.3d at 353 (quoting *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983)).

These are the same factors considered by a court in deciding whether to set aside a default judgment under Rule 60(b), and the factors are applied somewhat less leniently in that context. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190,193-94 (6th Cir. 1986). It is noteworthy, then, that even applying the factors in the less lenient context, the Sixth Circuit has noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. One constant consideration which the Court bears in mind is the strong preference for trial on the merits in federal courts. *See id.*; *see also Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001). Moreover, "where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined toward leniency." *Shepard Claims*, 796 F.2d at 194.

Here, all three factors advocate in favor of setting aside the default. As to the first factor, Defendant's default was clearly not willful. As noted in Defendant's Brief in Support of his motion, Defendant failed to plead by the required date because "Defendants' undersigned counsel mistakenly calendared the date for an answer due tomorrow, March

8th," the day on which an answer would have been due in state court. (Dkt. No. 4, Def.'s Br. 1.) Plaintiffs, applying several Ninth Circuit opinions, argue that failure to read and/or follow the unambiguous language of our federal rules is neither "excusable neglect" nor "good cause" to set aside a default. (Pls.' Resp. 5-6.) While the Court certainly agrees that reading and following the federal rules is vitally important when litigating a case in federal court, "excusable neglect" is not the standard for setting aside a default in this Circuit, *see Shepard Claims*, 796 F.2d at 194 ("[I]t is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)."), and Defendant does not argue that the fact that his counsel's failings were unintentional alone satisfies our good cause standard. Good cause is the standard set by the relevant rule, and "[w]here default results from an honest mistake rather than willful misconduct, carelessness or negligence," there is especial need to apply the relevant rule "liberally." *United Coin Meter Co.*, 705 F.2d at 845 (internal quotation marks omitted). The Court here finds that while Defendant's counsel made a mistake of law, it was an honest one, and Defendant's culpability is not so great as to bar him from receiving a trial on the merits.

Even had Defendant's default been willful and his conduct culpable, it has been found that a district court in this Circuit "abuses its discretion in denying a motion to set aside an entry of default when . . . the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc.*, 340 F.3d at 353 (citing *Shepard Claims*, 796 F.2d at 193-94). Here, the Court also finds that setting

aside the default will not prejudice Plaintiffs in the manner contemplated by courts applying the factor. In their response, Plaintiffs argue that Defendant is suffering severe financial difficulty, is named as a defendant in another large lawsuit, and owes several large debts. (Pls.' Resp. 8.) At the core of this argument, however, is a concern that if the Court sets aside the default, "Plaintiffs would have to wait for trial of this action while Defendant's other creditors obtain preferential payments and may exhaust Defendant's ability to pay." (*Id.*)

As noted by the Sixth Circuit in similar circumstances, "[i]t is true that the plaintiff will suffer some delay in his recovery if a trial on the merits is held, but, 'delay alone is not a sufficient basis for establishing prejudice.'" *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys.*, Inc., 815 F.2d 391, 398 (6th Cir. 1987), *cert. denied*, 484 U.S. 927 (1987)). The "delay" occasioned by requiring a trial on the merits should be expected by plaintiffs before initiating litigation. "To establish prejudice, [plaintiffs] must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* Plaintiffs have not shown any of these forms of prejudice.

Finally, this Court considers whether Defendant's alleged defense is meritorious. "At this point, [the Court] must resolve all ambiguous or disputed facts in the light most favorable to the defendant." *Id.* (citing *INVST Fin. Grp.*, 815 F.2d at 398). "Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious

5

defense. If he 'states a defense good at law, then a meritorious defense has been advanced.'" *Id.* at 621-22 (quoting *United Coin Meter Co.*, 705 F.2d at 845). All that Defendant must show, is a "hint of a suggestion" creating "some possibility that the outcome of trial will be contrary to the result achieved by the default." *INVST Fin. Grp.*, 815 F.2d at 399. Plaintiff, citing cases from the Second Circuit, implies that it is incumbent on Defendant to submit sufficient evidence to constitute a complete defense. That is not the law in this Circuit. In courts of the Sixth Circuit, all that is required is that Defendant state a defense good at law, and our Court of Appeals has looked in a number of sources for such a stated defense, including "an answer or other opposition to a motion for default," *United Coin Meter Co.*, 705 F.2d at 844, "papers filed by [defendant]," *id.* at 845, and "argument by [defendant's] counsel," *id.* Receiving enough evidence to convince a finder of fact, while possibly necessary to determining who will prevail on the merits, is not necessary for determining whether a defense good at law has been stated. *See Berthelsen*, 907 F.2d at 622. Here, Defendant has denied as untrue Plaintiffs' allegations of wrongdoing, he has submitted his affidavit that the money allegedly stolen or embezzled was properly accounted for, and has raised several affirmative defenses which, if proved, would together completely bar Plaintiffs' recovery.[1] (Dkt. No. 5, Answer and Affirm. Defs.) This is enough, in this instance and at this stage, to establish a meritorious defense.

---

[1] To the extent that Plaintiffs argue that Defendant has admitted liability, the Court cannot locate any such admission. On each occasion that Plaintiffs so assert, they cite to Exhibit A to their Response, an unsigned and virtually unexplained document entitled "Accounts Receivable Summary." (Pls.' Resp, Ex. A.) Without more, this document cannot constitute an admission of liability.

## III. Conclusion

The Court having found good cause to set aside the default, Defendant's motion will be granted. An order consistent with this opinion shall be entered.

Dated: March 23, 2011 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE