UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. GREGORY EATON and
LANSING FARMS, LLC,

    Plaintiffs,

v.

CULLAN F. MEATHE,

    Defendant.
_____/

CULLAN F. MEATHE and
LANSING FARMS, LLC,

    Counter-Plaintiffs,

v.

A. GREGORY EATON,

    Counter-Defendant.
_____/

CASE NO. 1:11-cv-178

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Defendant's Motion to Change Venue. (Dkt. No. 19.) For the reasons contained herein, the motion will be denied.

## **I. Facts**

Plaintiff Eaton is a resident of Ingham County in the Western District of Michigan. (Dkt. No. 1, Ex. B, Compl. ¶ 1.) Defendant is a resident of Florida. (Dkt. No. 11, Meathe Aff. ¶ 5.) Defendant and Plaintiff Eaton are each 50% owners of Plaintiff Lansing Farms

Properties, L.L.C. ("Lansing Farms"). (Compl. ¶ 5; Dkt. No. 7, Ans. ¶ 5.) According to the Michigan Department of Licensing and Regulatory Affairs, Lansing Farms' registered office address is 100 River Place Drive in Detroit in the Eastern District of Michigan. (Mot. ¶ 19, Ex. A, Limited Liability Company Details.) However, Plaintiff Eaton states in his affidavit that since 2009 Lansing Farms' place of business has been Lansing, Ingham County. (Resp., Ex. A.)

This action was originally filed in Ingham County Circuit Court. On February 18, 2011, Defendant removed to this Court. Defendant now moves, pursuant to 28 U.S.C. §§ 1404 and 1406(a), to change venue to the United States District Court for the Eastern District of Michigan. (Dkt. No. 19, Mot.) Defendant raised among his affirmative defenses in his First Amended Answer that venue is improper in this Western District, (Mot. ¶ 9; Dkt. No. 16, First Am. Affirm. Def. ¶ 8), and he pursues that assertion in the present motion, (Mot. ¶ 16). Additionally, Defendant argues that venue is proper in the Eastern District of Michigan, (Mot. ¶¶ 10-16), and that venue is more convenient in the Eastern District of Michigan, (Mot. ¶¶ 17-19).

## II. Analysis

A.) **Transfer for improper venue**

Despite the representations of Defendant's affirmative defenses and his present motion, Defendant cannot reasonably challenge the propriety of venue in this Court. Plaintiff filed this action in Ingham County Circuit Court, and Defendant chose to remove

it to federal court pursuant to 28 U.S.C. § 1441(a).  (*See* Dkt. No. 1, Notice of Removal.) Defendant now argues that "[t]his judicial district fulfills none of the statutory requirements for venue cited in 28 U.S.C. § 1391(a)." (Mot. ¶ 16.)  But section 1391 does not apply to removed actions:

> Section 1391 is a general venue statute.  In a case where it applies, if its requirements are not satisfied, . . . dismissal of the case might be justified if a timely objection to the venue were interposed.  But even on the question of venue, § 1391 has no application to . . . removed action[s].

*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (internal citations omitted). Venue in removed cases is governed solely by section 1441(a).  *Id.*  "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'"  *Id.* at 666 (quoting 28 U.S.C. § 1441(a)).  The Sixth Circuit has likewise made it clear that there is only one federal venue into which a state court action may be removed. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).  Under these cases, it is clear that venue is proper in this Court.  Accordingly, section 1406(a) has no application here.  *Id.* at 538 ("Section 1406(a) applies only where venue is improper.").  To the extent that Defendant moves this Court to transfer or dismiss for improper venue, the motion will be denied.  Upon removal, however, a removing defendant may nonetheless move for transfer to a more convenient district under 28 U.S.C. § 1404(a), *id.*, as Defendant has also done in his motion, (Mot. ¶¶ 17-19).

3

**B.)     Transfer to a more convenient forum**

The Court has broad discretion under this statute in transferring a case to a different venue on the basis of inconvenience. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). However, the plaintiff's choice of forum is accorded deference, and "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "The moving party bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted." *Rinks v. Hocking*, Case No. 1:10-cv-1102, 2011 U.S. Dist. LEXIS 15798, at *4 (W.D. Mich. Feb. 16, 2011) (citing *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003)).

Analysis under section 1404(a) involves the weighing of a number of specific factors. These include factors touching on the private interests of the parties (such as their convenience and the convenience of potential witnesses) as well as public-interest concerns, such as systemic integrity and fairness. *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Courts have identified a number of non-exclusive factors in considering whether to transfer is warranted under section 1404(a). These include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice.

*Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719-20 (W.D. Mich. 2004) (citing *Campbell v. Hilton Hotels Corp.*, 611 F. Supp. 155, 157 (E.D. Mich. 1985)).

      1.)     **Convenience of the parties**

It is clear that this forum is more convenient for Plaintiff Eaton. (*See* Resp., Ex. A, Eaton Aff.) Defendant resides in Florida, from which he would have to travel a great distance to participate in court proceedings in either the Western District or in his preferred Eastern District of Michigan. Although Plaintiff Lansing Farms' registered office is in the Eastern District, there is some dispute as to whether its primary place of business is in the Eastern District or the Western District. While Defendant has asserted that Lansing Farms' principle place of business is the in the Eastern District, (Mot. ¶¶ 5-6), Plaintiff Eaton has sworn in an affidavit that its principle (and indeed its sole) place of business has been in the Western District since 2009, (Eaton Aff. ¶ 5). In support of his assertion, Plaintiff Eaton has offered a number of documents, including Internal Revenue Service filings, bank statements, and business correspondence, which indicate that Lansing Farms is operating out of the Western District. (Resp., Exs. B-F.) From this evidence, it appears to the Court that Lansing Farms is being operated by Plaintiff Eaton and out of his home address. Thus, the Western District appears to be a more convenient forum for both plaintiffs while both of the proposed fora are roughly equally inconvenient for Defendant. In short, the convenience of the parties weighs in favor of a Western District of Michigan forum.

### 2.) **Convenience of the witnesses**

"To sustain a finding on [the convenience of the witnesses] . . . the party asserting witness inconvenience 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'" *Rinks*, 2011 U.S. Dist. LEXIS 15798, at *7 (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)). "Particularized information is necessary to enable a court to ascertain how much weight to give a claim of inconvenience. . . . [G]reater weight must be accorded inconvenience to witnesses whose testimony is central to the claim or whose credibility is likely to be an important issue." *Id*. at *7-8. "'A party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.'" *Id.* at *9 (quoting *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010)).

Although Defendant was no doubt aware of this requirement, having cited the above case in support of his argument and including it as an exhibit to his motion, (*see* Mot. ¶ 18; Ex. F), he has done virtually nothing to sustain his burden of proof on this issue. Defendant's sole reference to relevant witnesses is that "all conceivable witnesses, including the accountant that prepared the accounting provided by Defendant Meathe to Plaintiff Eaton, except Plaintiff Eaton," "are located in the Eastern District of Michigan." (Mot.

¶ 18.) Even excluding Defendant himself (a resident of Florida, presumably not located in the Eastern District) as a "conceivable witness," and accepting this statement without the proffer of affidavit or other admissible evidence, Defendant only succeeds in demonstrating that one of two witnesses is in the Eastern District. The unnamed accountant is in the Eastern District, and Plaintiff Eaton is in the Western District. Moreover, Defendant does not demonstrate why the accountant is a key witness or what, generally, his or her testimony will include. Moreover, the Court notes that, to the extent witnesses would be required to travel, the increased burden of coming to this District rather than the Eastern District is relatively minor. No Eastern District of Michigan courthouse is more than 200 miles, or a three hour drive, from the Western District of Michigan courthouse wherein this case would be heard. Defendant has not sustained his burden, and, in fact, this factor seems to weigh in favor of resolution in this District.

    **3.)    Access to sources of proof**

"This factor relates to the location of relevant documentary evidence." *Rinks*, 2011 U.S. Dist. LEXIS 15798, at *10. "As for the location of relevant documentary evidence, the Court does not view this factor as particularly significant given the technological age in which we live, with the widespread use of . . . electronic document production." *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 635 (W.D. Mich. 2009) (internal quotation omitted; citing *American S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Lafarge North America, Inc.*, 474 F. Supp.2d 474, 484 (S.D.N.Y. 2007) ("The location of

relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.") and *DiStefano v. Carozzi North America, Inc.*, 98 CV 7137 (SJ), 2002 U.S. Dist. LEXIS 23042, at *11-12 (E.D.N.Y. Nov. 16, 2002) ("Although the location of relevant documents is [theoretically] entitled to some weight when determining whether a case should be transferred, modern photocopying technology deprives this issue of practical or legal weight.")). To the extent that this is still a viable consideration, it is inconclusive. As noted above, Plaintiff has entered an affidavit and supporting documents indicating that Lansing Farms' principle place of business, and thus presumably many of its records, are located in the Western District. Defendant, on the other hand, asserts that "the tenant leasing the real estate and all its records; and all of the books, records, and documents of [Lansing Farms]" are located in the Eastern District.

### 4-5.) Availability of process to compel attendance of unwilling witnesses and the cost of obtaining willing witnesses

These factors do not here weigh in favor of either of the two proposed fora. The only non-party witness mentioned by either party is an accountant who apparently resides in the Eastern District of Michigan. Should compelling this witness' attendance be required, the subpoena power of both this Court and Eastern District courts runs at least that far. *See* Fed. R. Civ. P. 45(b)(2)(C); Mich. Ct. R. 2.506(G)(1).

### 6-7.) Practical problems involving expense and delay; interests of justice

Defendant has proffered no evidence or arguments regarding expense or delay of proceeding in this District rather than on the other side of the state. The Court is not aware

of any statistics indicating that litigating is less expensive or that final disposition of civil cases comes more quickly in the Eastern District. Neither has Defendant convincingly demonstrated that the interests of justice require, compel, or even advocate in favor of transfer. The Court finds that the interests of justice do not weigh in favor of transfer.

## III. Conclusion

Venue in this Court is proper and thus the Court will not transfer or dismiss this matter under 28 U.S.C. § 1406. The balance of factors under 28 U.S.C. § 1404(a) tips against transfer. Defendant has not met his burden of showing that the relevant factors strongly suggest that transfer is appropriate. Defendant's motion will be accordingly denied. An order consistent with this opinion will be entered.


Dated: <u>May 18, 2011</u>                 /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE